UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. WILKINS, | No.  2:24-cv-3135 CKD P |
| Plaintiff, | |
| v. | ORDER |
| D. SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  He seeks damages and injunctive relief.  On February 27, 2025, plaintiff was granted leave to file a third amended complaint.  Plaintiff filed a third amended complaint on March 31, 2025.

I. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
2  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
3  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
4  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
5  the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
6  at 678.

7  The court has reviewed plaintiff's third amended complaint and finds that it fails to state a
8  claim upon which relief can be granted under federal law.  Plaintiff's third amended complaint
9  must be dismissed.  The court will, however, grant plaintiff a final opportunity to state a claim
10 upon which he can proceed in a fourth amended complaint.

11 With respect to plaintiff's claims against defendant Smith, this court is not the proper
12 venue.  Defendant Smith is employed by the California Department of Corrections and
13 Rehabilitation at San Quentin State Prison.  San Quentin lies within the jurisdiction of the United
14 States District Court for the Northern District of California.  Any claim against defendant Smith
15 should be brought there.

16 Plaintiff names the State of California as a defendant.  The Eleventh Amendment serves as
17 a jurisdictional bar to suits brought by private parties against a state or state agency unless the
18 state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v.
19 Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir.
20 1982).  In the instant case, the State of California has not consented to suit.

21 Plaintiff asserts claims arising under California law, but plaintiff fails to plead compliance
22 with the California Tort Claims Act.  Plaintiff is informed that before he may proceed on a claim
23 arising under California law in this court he must comply with the terms of the California Tort
24 Claims Act and then plead compliance.  See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub.
25 Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).  Complaints must present facts
26 demonstrating compliance, rather than simply conclusions suggesting as much.  Shirk v. Vista
27 Unified School Dist., 42 Cal.4th 201, 209 (2007).
28 /////

1    Other than the claims against defendant Smith, plaintiff complains about medical care he has received at the California Medical Facility which is within the jurisdiction of this court. As plaintiff has already been informed, denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id. "Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. Mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002).

    A common theme regarding plaintiff's allegations is that he complains that certain procedures were not performed and consultations not ordered concerning problems with his esophagus, stomach, and back. While he concludes these failures to act amount to deliberate indifference, plaintiff fails to point to sufficient facts supporting this. Plaintiff's conclusions that failure to provide procedures or consultations is not sufficient to assert a violation of the Eighth Amendment where the connection between the failure and injury, if any, is not clear in layman's terms. When procedures or consultations were delayed, plaintiff does not adequately allege the delay amounts to actionable harm. Again, plaintiff cannot simply allege the delay has caused him actionable harm. He must point to facts which reasonably suggest as much. The bottom line is that "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment" is insufficient for deliberate indifference. Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citations omitted). Instead, along with showing actionable injury, plaintiff must show that the treatment course "was medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to plaintiff's health." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (internal citations omitted).

3

1          Further, it appears that plaintiff has not exhausted administrative remedies with respect to some of his claims.  Most notably, any claim arising from the cancellation of back surgery in March of this year.  Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement demands "proper" exhaustion.  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).  In order to "properly exhaust" administrative remedies, the prisoner must generally comply with department procedural rules, including deadlines, throughout the administrative process.  Jones v. Bock, 549 U.S. 199, 218 (2006); Woodford, 548 U.S. at 90-91.

          Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.

## II. Request for Judicial Notice

          Plaintiff requests that the court judicially notice certain documents.  However, the court does not take judicial notice of documents, the court takes judicial notice of facts as explained in Rule 201 of the Federal Rules of Evidence.   As plaintiff does not point to any facts meeting the criteria for judicial notice under Federal Rule of Evidence 201, nor does plaintiff assert any purpose taking judicial notice would serve, his request for judicial notice will be denied.

## III. Motion for Preliminary Injunction

          Plaintiff has filed a motion for a preliminary injunction.  Because plaintiff does not yet state a claim upon which he can proceed, the court cannot order a preliminary injunctive relief.  Further, no defendant has been served with process so the court does not have jurisdiction to order preliminary injunctive relief.  For these reasons, the motion for preliminary injunction will be denied without prejudice to refiling with or after plaintiff files his fourth amended complaint.

          In accordance with the above, IT IS HEREBY ORDERED that:

          1. Plaintiff's third amended complaint (ECF No. 15) is DISMISSED.

          2. Plaintiff is granted thirty days from the date of service of this order to file a fourth

amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The fourth amended complaint must bear the docket number assigned this case, be labeled "Fourth Amended Complaint" and cannot exceed 20 pages excluding exhibits.  Failure to file a fourth amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

       3.  Plaintiff's request for judicial notice (ECF No. 16) is denied.

       4.  Plaintiff's motion for a preliminary injunction (ECF No. 17) is denied without prejudice to refiling with or after his fourth amended complaint.

Dated:  June 2, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
wilk3135.14(2)