UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. WILKINS, | No. 2:24-cv-3135 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| D. SMITH, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. He seeks damages and injunctive relief. On June 2, 2025, plaintiff was granted leave to file a fourth amended complaint. Plaintiff filed a fourth amended complaint on July 2, 2025, along with a motion for preliminary injunctive relief.

I. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

1

action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In the fourth amended complaint, plaintiff names the State of California as a defendant. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit.

Plaintiff complains about medical care he has received at the California Medical Facility. Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of at least deliberate indifference to a prisoner's serious medical needs. Id. "Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. Mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002).

Plaintiff complains that certain procedures were either delayed or not performed, and consultations either delayed or not ordered as to problems with his esophagus, stomach, bulging disks, and other spinal issues. While plaintiff concludes these failures to act amount to deliberate indifference, plaintiff fails to point to sufficient facts supporting his conclusion.

First, plaintiff fails to adequately allege or point to anything in the medical records he has provided which reasonably suggests that any procedure sought by plaintiff was either intentionally and unreasonably delayed or denied by any defendant in this action.

Second, plaintiff's allegations that a delay or failure to provide procedures or consultations is insufficient to assert a violation of the Eighth Amendment where the connection between the failure and injury, if any, is not clear in layman's terms. Plaintiff cannot simply allege the delay has caused him actionable harm without providing facts which reasonably suggest as much.

In short, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment" is insufficient for deliberate indifference. Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citations omitted). Rather, in addition to showing actionable injury, plaintiff must show that the treatment course "was medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to plaintiff's health." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (internal citations omitted). Plaintiff has not made that showing. [1]

In all other respects, plaintiff fails to state a claim under the Eighth Amendment for delay or denial of medical care or under any other provision of federal law. [2]

Plaintiff also asserts claims under California law. However, since the fourth amended complaint does not state a claim under federal law and the court does not have jurisdiction on any other basis arising under federal law (see 28 U.S.C. 1330 et seq.), the court does not have supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims.

---

[1] Plaintiff complains that he should be provided back surgery. In January of this year, plaintiff was informed by a neurologist that back surgery is a "reasonable option," but there is only a 50% chance it will relieve plaintiff's symptoms which include numbness in his left leg and difficulty walking. ECF No. 19 at 64. In light of these facts and considering the inherent risks with spinal surgery (e.g. id. at 66), failure to provide the surgery cannot be said to be a medically unacceptable option, nor cruel and unusual punishment. In the records provided by plaintiff another option appears to be physical therapy, which plaintiff has declined. E.g. id. at 34.

[2] In his fourth amended complaint, plaintiff asserts that his medical records have been falsified and that defendants conspired against him. These allegations are conclusory and are not adequately supported.

For all of these reasons, plaintiff's fourth amended complaint fails to state a claim upon which plaintiff can proceed in this court. When the court screened plaintiff's third amended complaint, plaintiff was specifically informed of the defects with respect to his denial of medical care claims he asserted. Given the information provided and the advice given concerning the contents of the fourth amendment complaint and the fact that plaintiff still does not state a claim in the fourth amended complaint, granting leave to file a fifth amended complaint appears futile.

II. Motion for Preliminary Injunction

Plaintiff has filed a motion for a preliminary injunction seeking spinal surgery. Because plaintiff does state a claim upon which he can proceed, the court cannot order preliminary injunctive relief.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's fourth amended complaint be dismissed;

2. Plaintiff's motion for a preliminary injunction (ECF No. 20) be denied; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 8, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
wilk3135.14(3)