UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. WILKINS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>D. SMITH, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-03135-DJC-CKD P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to the Eastern District of California's Local Rule 302. On July 8, 2025, the Magistrate Judge filed Findings and Recommendations, which were served on Plaintiff and which contained notice that Plaintiff could file objections within the time stated therein. (ECF No. 21.) Plaintiff filed timely objections to the Findings and Recommendations. (ECF No. 22.)

　　　　In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 304(f), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the majority of the findings and recommendations supported by the record and proper analysis. Accordingly, the Court will adopt the Findings and Recommendations in part.

However, the Court respectfully declines to adopt the Magistrate Judge's recommendation to dismiss Plaintiff's claim predicated on the delay of referral to a specialist or adequate treatment for Plaintiff's gastroenterological symptoms.

Deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This type of claim has both an objective and subjective component. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). First, to meet the objective prong of this standard, a plaintiff must establish that they have a serious medical need. *Estelle*, 429 U.S. at 104. "Such a need exists if failure to treat the injury or condition could result in further significant injury or cause the unnecessary and wanton infliction of pain." *Colwell*, 429 U.S. at 1066 (internal quotation marks omitted). The existence of "chronic and substantial pain" can indicate the plaintiff has a serious medical need. *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022). Second, a "prison official is deliberately indifferent under the subjective element of the test only if the official knows of and disregards an excessive risk to inmate health and safety." *Colwell*, 429 U.S. at 1066 (internal quotation marks omitted). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). However, delay of medical care can violate the Eighth Amendment if the delay caused "significant harm" and "Defendants should have known this to be the case." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

The Magistrate Judge recommended dismissal based on the determination that Plaintiff failed to adequately plead both that delay of care constituted deliberate indifference and that this delay caused significant harm. However, the Court finds

1 | Plaintiff's Fourth Amended Complaint ("FAC") sufficiently stated a claim of deliberate
2 | indifference to Plaintiff's serious medical need.
3 |   *First*, Plaintiff has sufficiently alleged the existence of a serious medical need.
4 | Plaintiff's allegations of recurring gastroenterological symptoms, including "black
5 | stools," "severe stomach pain," "weight loss," ongoing internal bleeding causing
6 | anemia, nausea, and vomiting indicate Plaintiff had a serious medical need.  (FAC
7 | (ECF 19) at 4–6; FAC, Attach. 2 at 26); *see Hutchins v. Johal*, No. 1:15-cv-01537-DAD-
8 | HBK, 2021 WL 4690597, at *7 (E.D. Cal. Oct. 7, 2021), *report and recommendation*
9 | *adopted*, No. 1:15-cv-01537-DAD-HBK P, 2021 WL 6051696 (E.D. Cal. Dec. 21,
10 | 2021), *aff'd sub nom. Hutchins v. Lockyer*, No. 22-15036, 2023 WL 2674368 (9th Cir.
11 | Mar. 29, 2023) (holding reasonable jury could find plaintiff's "stomach pain, nausea"
12 | and "chronic pain" constitute a serious medical need for purposes of Eighth
13 | Amendment claim); *see also Russell*, 31 F.4th at 739 (explaining that "chronic and
14 | substantial pain" can indicate the existence of a serious medical need for Eighth
15 | Amendment purposes).
16 |   *Second*, Plaintiff sufficiently pled that Drs. Saukhla and Satter were deliberately
17 | indifferent to this need as they knew of his pain and failed to ensure he timely
18 | received the referrals and treatments they themselves prescribed.  The FAC alleges
19 | Drs. Saukhla and Satter were aware of these symptoms because Plaintiff reported
20 | them during medical visits with each doctor.  In December of 2023, Plaintiff reported
21 | his symptoms to Dr. Satter, and Dr. Satter submitted a "High Priority" request for
22 | gastroenterology and a colonoscopy procedure.  (FAC, Attach. 5 at 38.)  However,
23 | Plaintiff alleges Dr. Satter then canceled the prescribed referral, and Plaintiff did not
24 | receive the recommended appointments for six months.  (FAC ¶¶ 5–6.)  Similarly,
25 | Plaintiff alleges reporting these symptoms to Dr. Saukhla for six months and
26 | "plead[ing] with him for help and an EGD and colonoscopy."  (FAC ¶¶ 7, 10.)  Plaintiff
27 | alleges that, in March of 2024, after Plaintiff again reported his symptoms to Dr.
28 | Saukhla, Dr. Saukhla referred Plaintiff for an EGD procedure.  (FAC ¶ 6.)  Dr. Saukhla

allegedly canceled this referral three days later. (*Id.*) By alleging these doctors knew of Plaintiff's ongoing pain and prevented Plaintiff from timely receiving either their prescribed treatments or the benefit of their referrals for at least six months after their initial recommendation, Plaintiff has stated a claim of deliberate indifference. *See Sandoval v. County of San Diego*, 985 F.3d 657, 680 (9th Cir. 2021) (explaining that "a prison official who is aware that an inmate is suffering from a serious acute medical condition violates the Constitution when he stands idly by rather than responding with reasonable diligence to treat the condition").

*Third*, Plaintiff has satisfied the requirement that the delay in medical care inflicted harm as Plaintiff continued to suffer pain during this six-month delay. Pain can constitute harm sufficient to render the delay of medical care a constitutional violation. *See Tyler v. Smith*, 458 F. App'x 597, 598 (9th Cir. 2011) (reversing dismissal of Eighth Amendment claim where Plaintiff alleged facts to show that Defendant was aware of Plaintiff's pain and delayed in referring Plaintiff to a specialist). As a result of the delay in care, Plaintiff alleges he was "forced to endure severe pain." (FAC at 3.) Therefore, as the delay of care allegedly resulted in Plaintiff suffering ongoing pain, Plaintiff has stated a claim of deliberate indifference to medical need in violation of the Eighth Amendment.

As the Magistrate Judge did not consider the sufficiency of Plaintiff's state law claims due to anticipated lack of supplemental jurisdiction, this Court takes no position on these claims. This Court returns these claims to the Magistrate Judge for further screening.

ACCORDINGLY, IT IS HEREBY ORDERED that:
1. The Court adopts in part and declines to adopt in part the Findings and Recommendations (ECF No. 21);
   a. The Court adopts as to Plaintiff's Eighth Amendment claim regarding back surgery against Dr. Saukhla and Jannet Ilagan.

      b. The Court adopts as to Plaintiff's claim of conspiracy against Drs. Satter, Saukhla, and Denigris, and Jannet Ilagan.

      c. The Court adopts as to Plaintiff's Motion for Preliminary Injunction.

      d. The Court declines to adopt as to Plaintiffs' Eighth Amendment claim against Drs. Satter and Saukhla as to Plaintiff's gastroenterological symptoms. Plaintiff has stated a cognizable Eighth Amendment claim against these Defendants predicated on the delay of referral to a specialist and adequate treatment for Plaintiff's gastroenterological symptoms.

2. Plaintiff's Eighth Amendment claims as to back surgery and conspiracy are dismissed without leave to amend.

3. Plaintiff's motion for a preliminary injunction (ECF No. 20) is DENIED; and

4. This matter is referred back to the assigned Magistrate Judge for further pretrial proceedings, including screening of Plaintiff's state law claims.

IT IS SO ORDERED.

Dated: **October 22, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – wilkins24cv03135.jo